United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 03-50494
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**JACOBO PEREZ-GOMEZ,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(P-02-CR-323-1)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jacobo Perez-Gomez appeals his conviction for transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). (Perez' motion for leave to file a supplemental brief is GRANTED.)

Perez contends that the district court's admission of the videotaped deposition of Pedro Luna Cebreros (taken prior to his deportation) violated the Confrontation Clause under the Sixth Amendment because the Government failed to make a good faith effort to procure Luna's presence at trial. Perez also contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Luna's videotaped testimony was the only direct evidence that he knew any of the passengers were illegal aliens; and, thus, the error was not harmless.

We need not decide whether the admission of the videotaped testimony violated the Confrontation Clause. *See **United States v. Aguilar-Tamayo***, 300 F.3d 562, 565-66 (5th Cir. 2002). Apart from the videotape, the jury heard evidence: that Perez-Gomez hesitated before falsely telling a Border Patrol Agent that he was alone in his truck; that Perez-Gomez got out of the truck to keep another Agent from getting close to the truck; that there were seven illegal aliens in the sleeper portion of the truck; and that one of the aliens heard the driver (or someone on the driver's side) instruct the aliens to close the curtains to the sleeper compartment and that if they were caught the aliens should say they had asked for a ride. There was also evidence connecting Perez-Gomez with a scheme of alien trafficking for pecuniary gain.

Because the circumstantial evidence strongly supported an inference that Perez knew that the passengers were illegal aliens and he was afforded an opportunity to cross-examine Luna at her deposition, any error was harmless beyond a reasonable doubt. *See id*. at 566-67.

In his supplemental brief, Perez challenges his sentence, relying on ***Blakely v. Washington***, 124 S. Ct. 2531 (2004), but concedes the issue is foreclosed by our decision in ***United States***

2

*v. Pineiro*, No. 03-30437, 2004 WL 1543170 (5th Cir. 12 July 2004). Accordingly, he raises the issue only to preserve it for possible review by the Supreme Court.

**AFFIRMED**